Judgment rendered March 1, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,860-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                                    Plaintiff-Appellant

versus

NATHAN CEDRIC JOHNSON (A-                             Defendant-Appellee
SECOND 2 NONE BAIL BOND &
BANKERS INSURANCE
COMPANY)

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 360224

Honorable John D. Mosely, Jr., Judge

* * * * *

Tommy Jan Johnson                                     Counsel for Appellant


Bankers Insurance Company                             Counsel for Appellee
Phyllis Green, Bonding Agent



* * * * *

Before STEPHENS, ROBINSON, and HUNTER, JJ.

**HUNTER, J.**

The plaintiff, State of Louisiana, appeals a judgment denying the state's motion to enjoin a commercial surety from executing criminal bail bonds in Caddo Parish. The trial court ordered the surety to pay the amount of the bond forfeiture judgment, but denied the state's request to prohibit the surety from issuing bail bonds for lack of timely payment. For the following reasons, we affirm.

## FACTS

In September 2016, Bankers Insurance Company, a commercial surety company, executed a bail bond in the amount of $15,000 for release of defendant, Nathan Johnson, through its agent, A-Second 2 None Bail Bonds ("Second 2 None"). Defendant was ordered to appear in court on May 1, 2019, and notice of this date was sent to defendant and the surety.

On May 1, 2019, Nathan Johnson failed to appear in court for a hearing and a bench warrant for his arrest was issued. On June 7, 2019, notice of the arrest warrant was mailed to Bankers Insurance Company ("Bankers") and filed into the record. More than 180 days passed from the date of mailing of the notice of the arrest warrant without the surrender or constructive surrender of Johnson. The state filed a petition against Johnson and Bankers to show cause why a bond forfeiture judgment should not be rendered against them. On June 4, 2020, the state obtained a judgment of bond forfeiture against Bankers and Johnson in the amount of $15,000. This judgment was not appealed and is final.

In October 2020, Phyllis Green, the bail bondsman acting in proper person, filed a motion to set aside the judgment of forfeiture and a petition for nullity of judgment. Green is not an attorney and was not representing

Bankers. Green is the owner of Second 2 None. Green and her company are agents of the surety, Bankers, and were not parties to the litigation.

In December 2021, the state filed a motion to prohibit the commercial surety from executing criminal bail bonds in Caddo Parish. The motion sought an order requiring Bankers to pay the judgment of forfeiture or show cause why it should not be enjoined from posting criminal bonds in the First Judicial District Court. On December 23, 2021, service of process was made on Bankers through the office of the Louisiana Secretary of State.

In February 2022, at the hearing on the state's motion to enjoin Bankers from posting bail bonds, Green stated she had made a mistake and failed to complete the requirements for a constructive surrender of Johnson. After the trial court questioned whether there had been service on the insurer, the state presented a return of service to the court. The trial court then granted the state's motion in part and rendered a judgment ordering Bankers to pay the judgment of bond forfeiture in the amount of $15,000. However, the trial court denied the state's request to prohibit the surety from posting criminal bonds in Caddo Parish for a failure to pay the bond forfeiture amount. The state appeals the judgment.

## DISCUSSION

The state contends the trial court erred in denying the state's motion to prohibit Bankers from issuing bail bonds for failure to pay the amount of the bond forfeiture judgment. The state argues the trial court abused its discretion in denying the motion because the elements required in the statute to enjoin the surety from issuing bail bonds were satisfied in this case.

If a defendant fails to appear and a judgment of bond forfeiture rendered against a commercial surety company has not been satisfied or

2

timely appealed, the prosecuting attorney may file with the court, where the bail undertaking is forfeited, a rule to show cause why the commercial surety should not be prohibited from executing criminal bail undertakings in the court issuing the bond forfeiture judgment. La. R.S. 15:85(A). The trial court may issue an order enjoining the commercial surety from posting criminal bail undertakings before the court issuing the judgment of bond forfeiture if such judgment has not been satisfied within ten days and the trial court finds the following: 1) a judgment of bond forfeiture was rendered against the surety, 2) proper notice of the judgment was shown by the affidavit stating the date of mailing to the parties, 3) defendant did not appear and was not surrendered or constructively surrendered within 180 days after the notice of arrest warrant was sent, 4) no suspensive appeal was taken, and 5) the judgment of bond forfeiture has not been satisfied by payment. La. R.S. 15:85(B).

In this case, the record contains evidence showing Johnson was incarcerated in DeSoto Parish in April 2019, prior to the date he was scheduled to appear in Caddo district court. At the hearing on the state's motion, the bail bondsman, Green, attended and acknowledged to the trial court she had mistakenly failed to pay the cost for transporting Johnson to the district court in Caddo Parish. As a result, the constructive surrender of Johnson did not occur.

Under R.S. 15:85, the language authorizing the court to prohibit a surety from issuing bail bonds is not mandatory. Rather, the trial court is given discretion in determining whether to issue an order enjoining a commercial surety from posting criminal bail bonds. In making a determination on the state's motion to prohibit Bankers from issuing bail

3

bonds in Caddo Parish, the trial court took into consideration the circumstances explained by the bail bondsman. The evidence presented supports the trial court finding although Bankers and Second 2 None did not take the proper steps to avoid bond forfeiture, such a failure was inadvertent in light of Green's statement and the document indicating Johnson failed to appear on May 1, 2019, because he was incarcerated in another parish.

Based upon this record, the trial court could reasonably conclude Bankers was liable to pay the bond forfeiture judgment, but the circumstances of this case did not support the issuance of an order enjoining the commercial surety from posting criminal bail bonds in the court which issued the bond forfeiture judgment. After considering the evidence presented and the applicable law, we cannot say the trial court abused its discretion in denying the state's request to enjoin Bankers from posting criminal bail bonds in the First Judicial District Court for failure to satisfy the bond forfeiture judgment. Consequently, the assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed. Pursuant to La. R.S. 13:5112, costs of this appeal in the amount of $837 are assessed to the appellant, State of Louisiana.

**AFFIRMED.**